## LEAGUE v. STRADLEY.

NEGLIGENCE—MERCHANT—JURY—INVITATION.—Where a merchant invites a customer to go behind his counter to get packages there deposited by him and the customer, and she falls through a trapdoor, shut at the time the packages were placed, but afterward left open by the carelessness or negligence of the merchant, and is injured, the merchant is responsible.   An invitation to go into a private place may be expressed or implied, and the question as to whether one was given, is for the jury, there being evidence tending to show an implied invitation.

Before Aldrich, J., Greenville, summer term, 1904.  Affirmed.

Action by Hattie K. League against C. D. Stradley.  From judgment for plaintiff, defendant appeals.

*Messrs. Haynsworth, Parker & Patterson,* for appellant, cite: *Merchant owes no duty to public to keep private places in store in safe condition:* 5 L. R. A., 580; 1 Thomp. on Neg., sec. 988; 33 N. E., 1028; 11 A. St. R., 583; 21 A. R., 720; 41 Minn., 66; 120 Mass., 366; 67 N. Y., 366; 21 Ency., 472; 64 S. C., 7; 10 Allen, 385; 18 Ency., 1136; 22 A. R., 114; 97 E. C. L., 731; 98 Am. D., 320; 101 N. Y., 393; 14 Jr. Com. L., 466; 23 A. R., 751; 11 Am. Neg. R., 263; 58 J. C., 491; 58 S. C., 491.  *As to an invitation:* 11 Tex. Civ. Ap., 503; 61 N. J. L., 318.

*Mr. B. A. Morgan,* also for appellant, cites: *Upon allegation of express invitation, evidence of implied invitation improper:* 35 S. C., 475; 64 S. C., 491.  *General rule as to allowing dangerous place open on premises:* Bus. on Per Inj., secs. 67, 69, 79, 80.

*Messrs. McCullough & McSwain,* contra, cite: *As to implied invitation:* 102 U. S., 584.  *Duty due plaintiff by defendant:* 1 Thomp. on Neg., pars. 985, 969; 64 N. W., 95; 59 A. D., 735; 87 A. D., 653, 662; 87 A. D., 649; Wat. on Dam. for Per. Inj., 288; 21 D. C., 540; 95 Ga., 271; 10 O. C. D., 698; 30 S. W., 760; 26 S. W., 760; 58 Tex., 42; 4 Rich. L., 228; 12 Am. St. R., 244; 44 Pac. R., 1050.  *Knowledge of defendant of open door not required to be shown:* 1 Thomp. on Neg., sec. 970; Law of Pres. Ev., 122; Bus. Law of Per. Inj., sec. 81; 57 L. R. A., 621; 4 Rich., 228.  *Duty due plaintiff as licensee:* 5 L. R. A., 580; 9 L. R. A., 640; 16 S. R. A. L., 275; 37 L. R. A., 725; 54 L. R. A., 323.  *Right of plaintiff to be at point injured is for jury:* 1 Thomp. on Neg., sec. 989; 118 Mass., 278; Wat. Per. Inj., secs. 232, *et seq.*

April 20, 1904.  The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE.—The plaintiff brought an action against the defendant to recover five thousand dollars damages, by reason of her fall through a trap door in the defendant's store, in Greenville, S. C., on the 20th December, 1902; she having fractured a bone of her left limb, due, she claims, to the carelessness and negligence of the defendant, as proprietor of said store.  The jury found a verdict for the plaintiff in the sum of five hundred dollars.  After entry of judgment on the verdict, the defendant has appealed therefrom.  His grounds of appeal are confined to the refusal of the Circuit Judge to grant the motion of the defendant for a nonsuit at the close of plaintiff's testimony.  Such grounds of appeal are as follows:

"(1) It is submitted that the general invitation which a merchant extends to the public applies only to such portions of his premises as are open for the public, and not to those portions behind the counter or those reserved for the merchant and his employees, and it is further submitted that the evidence showed that the place where the plaintiff was injured was behind the counter, a place reserved for the defendant and his clerks, and there being no evidence of any invitation from the defendant to enter thereon, his Honor erred in not granting a nonsuit on these grounds.

"(2) It is submitted that there was no evidence tending to show that the plaintiff was invited by the defendant to go behind the counter where she was injured; that all that the testimony could be considered as showing was that in going there the plaintiff was acting by consent or by license of the defendant, and his Honor erred in not so holding and not granting a nonsuit.

"(3) That his Honor erred in not holding that where the customer, by the mere consent or acquiescence of the store-keeper, goes behind the counter in a place not intended for the public, she does so at her own risk, and takes the premises as she finds them.

"(4) It is submitted that there was no evidence tending to show that the defendant knew, or ought to have known, that the trap door was open at the time the plaintiff went behind the counter, nor was there any evidence tending to show that he was negligent in this regard, and the Circuit Judge erred in not so holding and in not granting a nonsuit.

"(5) The complaint alleged an express invitation to the plaintiff, by the defendant, to go behind the counter. The action is one for compensatory damages solely. The evidence is that the plaintiff said: 'Mr. Stradley, I have come to call for my packages;' and that the defendant said: 'All right.' The issue of invitation was a vital one. The evidence totally failed to support this allegation, and his Honor erred in refusing the nonsuit."

We deem it proper to reproduce in this opinion the complaint itself, which, omitting the caption and formal part, is as follows:

"1. That the plaintiff, Hattie K. League, is the wife of the plaintiff, G. M. A. League, and they reside in the county and State aforesaid, and are the parents of ten children, all of whom reside with them.

"2. That the defendant resides in the county and State aforesaid, and was at the time hereinafter mentioned, and is now, engaged in the sale of dry goods, in the city of Greenville, county and State aforesaid.

"3. That on the 10th day of December, 1902, the plaintiff, Hattie K. League, by and with the knowledge and consent of the defendant, deposited certain packages of goods, which she had purchased from the defendant and others, in the storeroom of the defendant, in Greenville city, county and State aforesaid—she at that time being a customer of the said defendant.

"4. That thereafter, to wit: on the said 19th day of December, 1902, she went into the place of business of the defendant and called for her packages, and was told by the defendant to go and get the same, which she proceeded to do; that she went behind the counter where she had placed the

said package, and by and with the knowledge and consent of the said defendant, and upon his invitation, in the manner aforesaid, and as she went behind the counter where her packages were deposited, she fell through an open trap door, which the defendant had carelessly and negligently, subsequently opened, or permitted to be opened, and let remain open there, without giving this plaintiff any notice or warning with reference thereto, and as to the existence of which she was ignorant, and the said plaintiff fell several feet through the said trap door.

"5. That after the plaintiff, Hattie K. League, had fallen through said trap door, the defendant, hearing her cries and exclamation of pain, came to her assistance, and, instead of having her carried without effort upon her part from where she had fallen, as ordinary care would have dictated, caught hold of her arm and tried to assist her in that way—the said plaintiff, Hattie K. League, exclaiming that she was unable to walk, and, as the said defendant had hold of her arm and was coaxing her to walk up the said steps, plaintiff felt her left leg give away, and she suffered also great, excruciating, physical pain and mental anguish.

"6. That as a result of the said injury, which was due to the carelessness and negligence of the defendant, in the manner above detailed, the plaintiff, Hattie K. League, was confined to her bed some six weeks, suffered great and excruciating physical pain and mental anguish, and the plaintiff expended large sums of money in trying to cure her, the said Hattie K. League; and the plaintiff, Hattie K. League, is permanently disabled, so she is informed and believes, in the said left leg, and she is thereby prevented from discharging the ordinary duties of life, being now unable to walk, except by the use of crutches, all to her damage in the sum of five thousand dollars.

"Wherefore, plaintiff prays for judgment against the defendant for the said sum of five thousand dollars and the costs of this action."

The testimony offered by the plaintiff tended to establish

these allegations of the complaint: That the plaintiff was the wife of G. M. A. League, and resided in the county of Greenville and State aforesaid, and was the mother of ten children. That on the 20th day of December, 1902, the plaintiff, with the knowledge and consent of the defendant, deposited in the defendant's store, and at a point behind his counter selected by him, certain packages of goods that she had purchased from the defendant and others. That in the afternoon of the same day, the plaintiff entered the store of the defendant from a side entrance on Coffee street, in said city, and between three and one-half and four o'clock, found the defendant engaged in selling goods to a customer of his, and stated to him, "Mr. Stradley, I have come to call for my packages;" and he said, "All right." That the storeroom was at the time rather dark; that in obedience to what the defendant said to her, she went behind the counter and fell through a trap door about eight feet long and two feet wide, by which fall the tibia bone of her left leg was fractured. That she had constant medical attention for the period of six weeks immediately thereafter, to wit: the services of Dr. T. T. Earle anad Dr. Goodett. That she is now, although months have elapsed, unable to walk except with the use of her crutches. That her physicians pronounce that the knee will be perfectly stiff. It should have been stated that she suffered great agony while her wounded leg was being treated. And further, that at the time the defendant sold her goods, early in the morning, the defendant stood upon the trap door, and that said trap door was not opened until a short while before she went in the store to get all of her packages. That the goods were deposited behind the counter, so that in going to get them it was necessary to pass over the spot where the trap was located. Such, in fine, seems to have been the testimony that tended to sustain the allegations of the complaint.

There was no objection offered by the defendant to the form of the complaint, there was no demurrer. Primarily, therefore, it appears that the complaint stated a cause of

action.  However, if this was so, it does not preclude the granting of the motion of defendant, if there should have been no testimony offered in support of the material allegations of the complaint.  The Circuit Judge, in the interest of fairness, declined to give a resume of the testimony, which tended to support the allegations of the complaint, but contented himself with saying: "I think there is some testimony in support of the allegations of the complaint, and the motion for a nonsuit must be refused."

In the first ground of appeal, the appellant is correct in stating, "that the general invitation which a merchant extends to the public applies only to such portions of his premises as are open for the public, and not to those portions behind the counter, or those reserved for the merchant and his employees."  But it must be said that where a proprietor of a store notifies his customer to go behind his counter, or into that place usually set aside for the use of the merchant and his employees, he advances beyond the principle in which we have just announced our concurrence.  As proprietor, he has a right to make and unmake rules for the government of his premises.  Wherever, therefore, as is contended in this case, and to which testimony has been addressed under the very allegations of the complaint itself, the merchant places the plaintiff's goods, who is his customer, in rear of his counter, while she assists him, with his consent, in placing the goods behind the said counter, he to that extent has relaxed the rule announced by the appellant herein, to which we have given our concurrence, and substituted therefor a new rule.  If the merchant, knowing that one of his customers, by his consent, and at his invitation, places packages of goods behind his counter, it is an accommodation, it is true, and should merit consideration from the customer for such indulgence; but, in addition to all these matters, the customer comes for her goods and applies to him in the language of the witness: "Mr. Stradley, I have come to call for my packages;" he being busy at the time in serving a customer, replied, "All right," it is as if he had notified her

to go behind his counter, and if the trap door was left open by the carelessness or negligence of the defendant, without the knowledge of the plaintiff, and testimony to these facts were adduced, it would present facts which it was necessary for the jury to pass upon. On this we must overrule this ground of exception.

As to the second exception, it seems to us that in relating the circumstances testified to in our consideration of the first ground of appeal, that this ground of exception cannot be sustained. What effect should be given to the language used by the plaintiff and that used by the defendant, should be left for the jury, because they have the right to draw inferences naturally clustering about the language actually used.

Now, as to the third exception, we would sustain the position that the mere consent of the proprietor that the customer should, of his or her own motion, go in rear of the counter, entailed no serious responsibility upon the defendant. Yet, where a proprietor has placed the property already paid for by his customer in rear of the counter, and when applied to for said goods, at his consent or implied solicitation, goes to that very spot selected by him in rear of his counter, at a trap door which has been left open without the knowledge of his customer, the circumstances are changed, and a different rule of conduct would be rendered necessary by the defendant.

In regard to the fourth exception, it seems to us that our case of *Freer* v. *Cameron,* 4 Richardson Reports, page 228, is conclusive upon this point; for in the case just cited, Judge Withers, announcing the judgment of the Court, says: "The first ground of appeal questions the liability of defendant, assuming that the evidence makes a case sustainable against some one. In all that occurred between Mrs. Freer and her companion, the only witness in this case, and the defendant's agent or clerk, the latter was acting strictly in the lines of his employment, in capacity of representative of his principals. If, therefore, he was guilty of any negligence at all which was actionable, it must be, upon all reason and authority,

such as involves the responsibility of the defendants." We might go further in our quotation from the case just cited, but it will only encumber the record, although it does seem that there are many points of similarity between the case now at bar and the case just cited. This exception must be over-ruled.

Lastly, in relation to the fifth exception, we must agree with the respondent, that there was no expressed invitation by the defendant to the plaintiff to go behind his counter, in the complaint; nor does the complaint so allege. An invitation may be implied as well as expressed, and it is the duty of the jury, in coming to a conclusion on the testimony offered, to say whether the language used by the defendant in its connection involved an invitation to the plaintiff. It is no part of the duty of the Circuit Judge to determine the effect of oral testimony. The wisdom of the law has confined that duty to the jury. This exception is overruled.

It is the judgment of this Court, that the judgment of the Circuit Court be, and it is hereby, affirmed.